## J. C. HENDRICKS *v.* JAMES GARRETT.

**Deposition in Equitable Action.**

   The statute, providing that no person shall testify for himself in an equitable action, after taking other testimony for himself in chief, is not violated so as to prevent such person from testifying where he has taken the depositions of other witnesses before giving his own, but withdraws the depositions taken before his own and does not offer such depositions in evidence.

**Judicial Notice.**

   The court, without evidence, will presume that a town lot is not susceptible of division without substantially impairing its value.

APPEAL FROM OLDHAM CIRCUIT COURT.

March 18, 1880.

OPINION BY JUDGE COFER:

This was a suit in equity. The appellee took one or more depositions before giving his own. These were then withdrawn by leave of court. He then gave his own deposition, but did not retake the depositions of the witnesses whose depositions had been withdrawn, nor read those that were withdrawn.

The appellant excepted to the deposition of the appellee on the ground that he gave it after taking other testimony for himself, in chief. The court overruled the exception, and we think properly. The statute provides that no person shall testify for himself "in an equitable action, after taking other testimony for himself, in chief."

The object of this provision was to prevent the temptation to a party to commit perjury in order to corroborate the testimony of his witnesses or to supply defect or omissions in their statements. And when a party has inadvertently taken the depositions of other witnesses before giving his own the danger the statute was intended to guard against is entirely avoided by the withdrawal of the depositions previously taken, and by omitting to offer the depositions of the witnesses previously examined.

The burden was on the appellant to establish his defense by a preponderance of the evidence. This he failed to do, and the judgment was right on the merits.

The court will presume that a town lot is not susceptible of division without substantially impairing its value, and the affidavit of Mr. Clayton proves the fact without regard to the presumption.

Judgment *affirmed*.

D. M. Rodman, James Clare, *for appellant*.

J. W. Clayton, Carroll & Barbour, *for appellee*.